BARNETT MINDEL, etc., Respondent, v. HARRY LAPIDUS, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

FLORA F. SCHOEN, Appellant, v. SAMUEL MILLER, Respondent, and Others, Defendants.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

STEWART COURT, INC., Appellant, v. " GUSTAV " LANTZ, etc., Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

SOLOMON WEISS, Appellant, v. DAVID FADER, Trading under the Firm Name and Style of FEDERAL FIREPROOF SASH AND DOOR COMPANY, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

MILTON AISENSON, an Infant, by DOROTHY COHEN, His Guardian ad Litem, and DOROTHY COHEN, as Administratrix, etc., of HAROLD AISENSON, Deceased, Appellants, v. NATIONAL CASUALTY COMPANY, Respondent.* — Judgment, in so far as appealed from, reversed on the law and the facts, and judgment directed in favor of appellants, with costs. Inconsistent findings reversed and new findings will be made in accordance herewith. In our opinion the death of the insured was caused by an accidental event; it was not the result of such an assault as is contemplated by the policy, and there was a waiver of the formal proofs of loss required by the policy. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.

CECILY GOLD, Appellant, v. NATHAN GOLD, Respondent. (Appeal No. 1.) — Order denying plaintiff's motion to punish defendant for contempt of court affirmed, without costs and without prejudice to plaintiff's right to assert her claim, if she has any, under the agreement of May 8, 1931, by civil process. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

CECILY GOLD, Appellant, v. NATHAN GOLD, Respondent. (Appeal No. 2.) — Order granting defendant's motion to annul the provision for alimony affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

HORACE M. GRAY, Appellant, v. JOHN J. FOGARTY and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint within ten days on payment of costs. It is likely that the complaint states facts sufficient to constitute a cause of action in alleging that the defendants, some of whom are designated as " de facto " officials of the city, conspired together to cause injury to the plaintiff's property — clothing their acts by the appearance of legality but being prompted, as is claimed, by willful and malevolent purposes. (Amer. Bank & Trust Co. v. Federal Bank, 256 U. S. 350; Beardsley v. Kilmer, 236 N. Y. 80, and 9 Cornell Law Quarterly, 371, 379; Walsh v. Judge, 258 N. Y. 76; Tuttle v. Buck, 107 Minn. 145; Speyer v. School Dist. No. 1, 82 Colo. 534; 57 A. L. R. 203; Dishaw v. Wadleigh, 15 App. Div. 205; Verplanck v. Van Buren, 76 N. Y. 247, 259; Dean v. Kochendorfer, 237 id. 384.) The motion was made on the further ground that the plaintiff had released his cause of action (Rules Civ. Prac. rule 107, subd. 7), and affidavits were submitted showing that the plaintiff had received full satisfaction from another for the same

* Affd., 262 N. Y. ——.